## BENITO TOJO

### v.

## ILLINOIS AND ST. LOUIS BRIDGE COMPANY.

1. PLEADING—AVERRING JURISDICTION.—In an action of trespass for arresting plaintiff for fast driving over a bridge, a special plea in justification, alleging violation of an ordinance and fine by police magistrate in confirmation of such alleged violation, should aver that the magistrate had jurisdiction to hear the charge and impose the fine.

2. SAME—ALLEGING IDENTITY OF SUBJECT-MATTER.—A special plea must aver that the matters therein set forth are the same matter complained of in the declaration.

3. DEMURRER.—A special plea which did not deny as alleged in the declaration, that plaintiff was arrested in one State and taken to another, thus admitting the truth of the allegation and furnishing no sufficient justification for the act. *Held,* that it was defective on demurrer.

ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 10, 1883.

This was a suit in trespass brought by plaintiff in error against defendant in error to the February term, 1882, of St Clair county Circuit Court.

The declaration contains two counts. The first count alleges that defendant on the 1st day of July, 1881, at the county of St. Clair aforesaid, made an assault upon plaintiff, and then and there violently pulled plaintiff from his wagon, and forcibly took and kidnapped plaintiff and carried him into the State of Missouri, and there imprisoned him in a jail or calaboose for a long space of time, etc. The second, that the defendant on the day and year aforesaid, at the county afore-

said, seized, and took and carried away one wagon and two horses of plaintiff, and converted the same to his own use.

The defendant pleaded the general issue, and two special pleas. The first special plea alleges that for further plea to the first count as to assaulting plaintiff, pulling him from his wagon and carrying him into the State of Missouri and imprisoning him there, etc., that before the commission of the said supposed trespasses, the plaintiff was driving his team and wagon over a certain structure known as the St. Louis bridge, across the Mississippi river, and within the State of Missouri and within the limits of the city of St. Louis, Mo., faster than a walk, and in an unlawful manner, in violation of a certain ordinance of the said city of St. Louis, which ordinance is entitled Article III, Offenses against Public Safety, and in which it is provided, section 9, that it shall be unlawful for any person to drive any wagon, omnibus, carriage, buggy or vehicle of any kind, or any cattle or horses, or to ride on horseback at a faster rate of speed than that of a walk over the Illinois and St. Louis bridge and its approaches, within the corporate limits of St. Louis, and that any person who shall violate this section, shall be deemed guilty of a misdemeanor and upon conviction thereof be fined five dollars for each and every offense, which said ordinance was approved March 29, 1881, which ordinance was passed in conformity with the provisions of the charter of the said city of St. Louis; and defendant further says that by order of the Board of Police Commissioners of the said city of St. Louis, one Alexander Benner was duly appointed as a watchman for the said bridge company, at the request of defendant, on the upper roadway of the Illinois and St. Louis bridge and its approaches within the said city limits, and was duly commissioned and qualified, and that as such officer, appointed by said board, the said Alexander Benner, in view of the misdemeanor so committed by the said plaintiff, did arrest the said plaintiff, as he lawfully might, using no more force than was necessary to arrest the said plaintiff, and the said Alexander then and there gave the said plaintiff in charge of a police officer who confined the said plaintiff at the police station house of the 2d po-

Tojo v. I. & St. L. Bridge Co.

lice district a short space of time and until the complaint against him could be heard before the police justice of said district, whereupon such proceedings were had; that after the examination of witnesses, plaintiff was found guilty of having violated said ordinance and was fined five dollars and costs, whereupon he took an appeal to the St. Louis Court of Criminal Correction and gave bond for his appearance, whereupon he was at once discharged. And defendant further says that the said judgment of the said police magistrate at the city aforesaid, on the 13th day of October, 1881, was by the said Court of Criminal Correction in all things confirmed, which said judgment is still in full force and unreversed.

The second special plea is, that the defendant says *actio non* because the said plaintiff on the 14th day of September did unlawfully drive a wagon drawn by one horse over the St. Louis bridge faster than a walk, in violation of a certain ordinance of the city of St. Louis, and that then and there one Alexander Benner, a police officer of the city of St. Louis, arrested the said plaintiff, the said officer then and there having view of said misdemeanor, and caused him to be brought before Judge Dennison, police justice of the 2d district of said city of St. Louis, to be dealt with according to law, using no violence and no more force than was necessary to take the said plaintiff before said magistrate, as he lawfully might, which are the same supposed trespasses whereof plaintiff complains of defendant.

There was a demurrer to these special pleas, which was overruled by the court.

The order of court shows that by leave of court several replications were filed to the special pleas; that after demurrer to the replications, by leave of court they were withdrawn, and plaintiff electing to stand by his demurrer, judgment was given against him upon said pleas for costs.

The errors assigned are, that:

1. The court erred in overruling the demurrer to the special pleas, and each of them.

2. The court erred in giving judgment against plaintiff for costs upon said pleas, and each of them.

Mr. R. A. HALBERT and Mr. L. H. HITE, for plaintiff in error; cited Callaghan v. Myers, 89 Ill. 566.

To arrest without warrant, the offense must constitute a crime, or a breach of the peace: Kindred v. Stitt, 51 Ill. 406.

To justify an apprehension for the violation of a city ordinance, the offense must involve a breach of the peace or the arrest must be authorized by statute and the court must have jurisdiction: Bowman v. St. John, 43 Ill. 337; Von Kettler v. Johnson, 57 Ill. 109; Wells v. Mason, 4 Scam. 86; Stanley v. Wells, 71 Ill. 78; Newton v. Locklin, 77 Ill. 100.

Messrs. G. & G. A. KOERNER, for defendant in error; that a policeman has the right to arrest for breaches of a city ordinance committed in his presence, cited Bryan v. Bates, 15 Ill. 87; Main v. McCarty, 15 Ill. 441.

WALL, P. J. The first special plea was defective in not averring that the matters therein set forth were the same matters complained of in the declaration and because it does not in terms aver that under the ordinances of the city of St. Louis or the law in relation thereto, the officer had power to make the arrest for the cause named without a warrant, and turn him over to the police officer to be taken before the magistrate in question.

From the language of the plea it is fair to infer that the entire proceeding was a continuing transaction, the return to the police court being a part of it and pursuant to an original design when the arrest was made; that the plaintiff should be taken before that court, as he was, and prosecuted as he was, and therefore it was necessary to aver that the magistrate had jurisdiction to hear the charge, and impose the fine.

The second special plea was bad because it did not deny the allegation that plaintiff was arrested in this State, and taken to Missouri, thus admitting the truth of the allegation and furnishing no sufficient justification for the act, and in professing to answer the whole declaration when it wholly failed to answer the second count; though this latter objection is rather formal than substantial. For the error of

the court in overruling the demurrer to these pleas, the judgment is reversed and the cause remanded.

Reversed and remanded.